Case No. 16-7108. Chantal Attias, individually and on behalf of all others similarly situated at L Appellants v. CareFirst, Inc., doing business as Group Hospitalization and Medical Services, Inc., doing business as CareFirst of Maryland, Inc., doing business as CareFirst Blue Cross Blue Shield, doing business as CareFirst of Choice, Inc. at L. Mr. Nace for the appellants, Mr. Gatewood for the athletes. May it please the Court, Jonathan Nace on behalf of the appellants, I'd like to reserve two minutes of time for rebuttal. CareFirst promised to protect its customers' data. In May of 2015, defendants announced that data thieves had stolen from their servers the names, birthdays, email addresses, and account numbers of more than a million consumers. Mr. Nace, would you please start with jurisdiction? And in particular, I would really like you to explain why you never addressed our decision in Murray. We cited Murray in our order asking for supplementary briefs. We included a key quote from Murray. Quote, dismissal of action without prejudice is a final disposition, while dismissal of complaint without prejudice typically isn't. If we did not address that thoroughly enough. You didn't address it at all. Here we have a court who says to you, we're concerned about our jurisdiction, and we cite a case. Not a peep in your brief about that case. Now maybe the case is distinguishable, but why wouldn't you have made an effort to tell us why Murray doesn't control this? We should have, Your Honor. Okay. Would you like to now explain that? Well, I think in this case, the district court dismissed the entire case, which is what I thought. Excuse me? The district court here dismissed the complaint. In Sorelli, they dismissed the action. Here, the district court dismissed the complaint. And I know Your Honor is obviously correct that that's the words he used. But as we stated in our supplemental brief, and I think as the appellees agree, the district court was dismissing the action in the form of, there was nothing else that could have been done. There was nothing else that we could have pled. But there were suggestions in Judge Cooper's opinion that there were things that you could have done, that you could have pled with greater specificity on the chain of inferences, right? Could have pled Social Security numbers were stolen or credit card numbers. We did address the Social Security numbers. We moved for discovery on that point. We moved to some subject matter jurisdiction. And actually, in the district court's order, he denied that motion. And in his footnote, he said, look, I am agreeing with the affidavit that was submitted. Social Security numbers were not taken. And he ruled on that, that he agreed that they had not been and accepted that fact of the defendant. So I don't think we could have then pled that they were without drawing the ire of the district court. Well, see, I read the opinion the same way Judge Griffith did. It looked to me like there were several places in which the district court wasn't saying you might not ever have SDNA. He was just saying, you know, the record wasn't sufficient. Here, I'll give you an example. He says at one point, plaintiff failed to explain how identity theft could happen without stolen Social Security numbers or credit card numbers. Okay? He didn't say identity theft couldn't happen. He said you hadn't explained it, just that you hadn't explained it. And you could have simply easily done that by filing an amended complaint saying what your amicus does, which explains how it can, how identity theft can happen. And I took that as, Your Honor, I took that as we hadn't explained it adequately or in a way that he was accepting. Well, where do you see that? Well, he did not state that he was, it wasn't adequate. But what he said was they haven't explained it. And we took that as, I don't agree with you. Because we definitely pled and we argued in our opposition that this is a real risk of harm that can happen, that identity theft happens from what has been lost here. And this is years of surveillance and monitoring that the plaintiffs have to go through here. And so I thought we presented that to him, and he ruled that we had not explained it. Why do you think he dismissed your complaint without prejudice? Because it was a 12B1 issue. Without prejudice? Yes, because it was a 12B1 issue that he did not reach the merits and he did not. Correct. That's why he dismissed it without prejudice. Because on the records, the way I read it, on the record before him, he just didn't think you had satisfied. I thought, it looked to me like he was giving you another shot at it. I did not presume that, and I didn't think the appellees presumed that either. It's not the appellees who have to presume it. It's your case. And what you and the appellees agree to on jurisdiction isn't binding on us. We have to satisfy ourselves. I'll give you another example. He says, the district court says, with the exception of two plaintiffs, none allege that they suffered actual identity theft. And then in footnote four he says, although plaintiffs' opposition to the motion to dismiss asserts that many plaintiffs have already suffered identity theft, crediting fraud, et cetera, and the victims of the breach other than the triggers have, the complaint contains no factual allegations to support those. So he's saying, look, they're in your complaint, they're in your motions, but they're not in the complaint. I'm sorry, they're in your motions, but they're not in the complaint. That tells me that he's saying, amend your complaint and put them in. But we ask for jurisdiction to be able to do that. I'm sorry, for jurisdictional discovery to be able to do that. So let me go back to the first question I asked you about Murray. You agree with me that here, as in Murray, the complaint, not the actual dismiss. I'm sorry, I just agree. The complaint was dismissed without prejudice, not the action. Same case. And we said in Murray that's not a final appealable order. So now tell us how you would distinguish Murray. The way we distinguish Murray is that there was no facts that we could have added, that we could have further alleged that would have changed the pleadings. You see, the position you're putting us in here, by taking that position, is you're asking us now to decide whether there was any additional information you could have pleaded that would have satisfied the district court. You had a totally simple solution to this problem. If you didn't think you could have done anything further, you could have gone back to the district court and asked them to enter a final appealable order. And then we wouldn't have wasted all of our time here. Well, I did not foresee that because I did not read the order that way. I read the order as a dismissal of the action. Well, but had you read Murray, Murray was the law of the circuit at the time. And Murray says dismissals of a complaint without prejudice are not final orders. That's the law of the circuit. But clearly, other law says that dismissals on subject matter jurisdiction are final appealable orders, which is what we had here. And that's what we were proceeding on. Well, the question is, do we have? Certainly, if it's dismissed on jurisdictional grounds, it's appealable. The question I'm asking you, and Judge Griffith is asking you, is if you look at this order and the way the court handled it, it doesn't look like it's a final dismissal for jurisdictional purposes yet. He hasn't gotten there. He didn't even remove it from his active docket. I read the order as a final appealable order. Let me make sure that I understand. Is your argument sort of a futility argument that you had already explored the avenues or tried to explore the avenues that would lead to an amendment of the complaint along these lines and that the judge had denied you that, so therefore your understanding of that combined with the order is that he wasn't inviting amendment? Right. Our argument is that these plaintiffs did not have any additional facts to add. There's no one else to say this many people have suffered identity theft or two other plaintiffs have suffered identity theft as well. We allege everything that we could have alleged. What about being explicit about your belief that Social Security numbers were taken? It's in there, but it seems as though the district court wasn't reading your complaint the same way you were reading your complaint, so that's the type of thing that's easily fixed by having an explicit thing that says, we allege that, among other things, Social Security numbers were taken. And some of the other things that Judge Taylor referenced, and here's not just a vague harm, but explicitly here's the harm that we're worried about from the information, the type of information that was taken. And here's why it creates a substantial risk in our client's view of identity theft or medical fraud that they'll be responsible for. Is there anything? Well, as to the Social Security numbers, I mean, we did address that in our supplemental brief, that he ruled that they were not taken based upon the affidavit that was submitted by the defendant, and he denied our request to depose that witness. As to harm, we did allege harm in the form of mitigation expenses, in the form of increased risk of fraud. All of these additional harms were alleged in the complaint, and he ruled that they were not sufficient under Article III. Maybe he laid out exactly what the mitigation expenses are that you're referring to. I believe we did. In the complaint itself. I believe so, Your Honor, yes. And I know we allege that the Tringlers, that we allege specifically that they had already suffered tax refund fraud. Yeah, no, that's definitely there. But the district court hadn't focused on that because the district court, well, I mean, I read your complaint as alleging Social Security numbers being taken, but it could be more directly alleged, and so the district court saw it differently. And that's easily fixed. And then that takes care of the district court's concern about Social Security numbers. That links up. When you make that direct allegation, if you can, assuming you can, on a good faith basis here, make that allegation, and that will link up to the tax refund fraud. Because he didn't see the direct allegation, and then from that didn't see what the connection was to tax refund fraud. But when you have that, again, I see the words in your complaint, but it's not as direct as a specific complaint allegation. I'm just telling you that we should fix this. I agree that's true with Social Security numbers. You don't want the opportunity to fix this complaint? Again, when the district court ruled in his memo, in his memorandum opinion, that Social Security numbers were not taken, we were hesitant to tell him they were when he had already ruled at that point that they were not. Okay. We'll hear from the other side. Good. Mr. Gatewood. Thank you, Your Honor. Yeah. Good morning, Your Honors. On behalf of the Care First Appellees, Matt Gatewood. May it please the Court. Your Honors, I'm happy to start with the jurisdictional question if you prefer, or I can go right into it. Do you have any – I mean, you filed a brief saying you thought we had jurisdiction. That's right, and I do, because if you look at – I think this situation is very different than – assume we had just filed, for example, a 12b6 motion. Why do you – I mean – well, never mind. I'm just curious about your strategy, but I won't ask you that. Go ahead. The district court, if it decides a 12b6 motion, goes to the merits of the case, for example. So if the words with prejudice, without prejudice, those matter in that situation, because the district court, if they decide merits without prejudice, certainly it's an invitation to replete the complaint. But when the district court is, as a threshold matter, determining its subject matter jurisdiction, it is making a decision that it cannot reach the merits. Correct. So it doesn't matter. But the question we were asking counsel was, we totally agree with you about that. The question is, had the district court actually reached that decision? He dismissed it without prejudice. He didn't remove it from the socket. And his opinion is full of statements like plaintiffs have failed to prove or failed to explain or failed to do this. So it doesn't look like, from what we have here, that this district judge had gotten to the point where he had, in his mind, dismissed the case for jurisdictional reasons. Yes, Your Honor. But these appellants have relied and stood on their complaint. They did not follow Rule 59 motion with the district court with a motion with leave to amend the complaint. They instead chose to appeal the action as they treated it as a final one. But they can't, the plaintiffs can't, by their actions, convert an unappealable order into an appealable order. You agree with that? I agree with that, Your Honor. Okay. And we have Murray. The only reason, the only possible basis for distinguishing Murray, you've actually put your finger on it, is that here the dismissal was for jurisdictional reasons, right? That's right. Surowski and Murray deal with the merits. But the fact is that still weaves open the question of what the district court intended here. Your Honor, in their supplemental briefing to this court, appellants have said, I think three, in three instances, that there are no additional allegations that can add to their complaint to cure what the district court said. They're telling us that, right? Couldn't they have simply said to the district court, Your Honor, thanks for the dismissal without prejudice, but we can't satisfy your standard and we want to appeal in our final order. Well, they did by not filing a Rule 59 motion and instead filing their appeal. But the core of this issue, Your Honor, is that Did you object to them? They went back and wanted to file a third amended complaint. Did you object to that? Just to address this issue and make it concrete for all the parties in the district court? Your Honor, the problem with that is that they've yet to explain any concrete injury. And a federal court pointed to Well, presumably they would try again and you would preserve full rights to disagree if they had satisfied that job. I'm just asking as a procedural matter, given the status, would you object to them filing a third amended complaint? And then we can get a clear ruling from the district court on whether it really was done or whether they just need a little more explication or specificity in the allegations. I think, Your Honor, there's an interim step that the case could be remanded to the district court for explanation as to whether it was a final and appealable order. If this court is just looking for the words final and appealable and the district court did in fact deem that dismissal a final and appealable order, I think that would be more appropriate. That would be another step. But would you object to them filing a third amended complaint? Just as a procedural matter. I'm not saying you will agree that it will be sufficient under either 12B1 or 12B6. I understand it. If the court determines it does not have jurisdiction to hear the appeal, then that would be the next course. That's not answering my question. Yeah. You know, I don't understand your argument that they haven't shown any harm. I mean, this case is very different from Clapper. Here the data has been stolen, intentionally stolen. It's in the hands of somebody who obviously wouldn't have stolen it had they not intended to use it. It just doesn't seem to me at all speculative under these circumstances to say that they have standing. But the harm they're alleging is a harm based on a future fear of injury. Right. But it's not a speculative one. Well, it is when. These people stole all this data. Yes, Your Honor. And at the time of the complaint, it was stolen, and I assume they didn't steal it just to collect it. They stole it to use it, right? Here's the problem, Your Honor. Not one plaintiff has explained why any single piece of information that they allege was compromised has caused them harm or will cause them harm. They have not alleged that. And they have not alleged how any of that data is fairly traceable. Is that right? In paragraphs 51 and 54 of the second amendment complaint, they allege that identity theft from stealing medical information will harm them. They have alleged that. It will harm them. And they haven't alleged that medical. Excuse me. Sorry, Your Honor. Under Clapper, the inquiry is substantial risk, right? And so we're supposed to determine have they alleged a substantial risk of harm, and I don't see how they haven't. They haven't for three reasons, Your Honor. The first is the type of data that they allege was stolen, email addresses, names, birthdays, subscriber identification numbers. That's it. Second, it's been almost three years. What's insufficient about that? It's not sufficient. Excuse me. It's sufficient if they can take any piece of that information and then explain why they're harmed, but they have not done that. They haven't explained how it's possible to be harmed in the future based on those pieces of information. Just like the Supreme Court said in Spokane. But that list comes from the Hauser Declaration that you just gave. And the Hauser Declaration doesn't say that's an exhaustive list. It says what was taken from these tables included those things. It doesn't tell us what else it included. And nothing in the Hauser Declaration actually says. All it says is that Social Security numbers and health information weren't in the CIM database. But I see no specific statement by Mr. Hauser that the other databases were not compromised and that other information was not taken. In fact, that careful choice of included suggests that either you all don't know exactly how much was taken or we're not being told everything. We're only told about one computer getting into one database without any exclusion of other information. So why do they, at the complaint stage, have to accept your description, which is not your entire description, and then argue off of that? They don't, Your Honor. And I don't need the declaration for this argument. The district court even said that they had not alleged, for example, that their Social Security numbers were stolen. No, they do. They absolutely say Social Security numbers. They absolutely do. They say it's possible. They say that they included Social Security numbers. And then they say we suffered tax refund fraud, which requires use of a Social Security number. I mean, this is a complaint stage. We're not at the summary judgment stage here. I understand that. But they still have to establish. They don't have to establish. They have to plausibly state each claim of standing. And based upon the current complaint, they do not do that. What's implausible when they say that you don't deny that you guys collected Social Security numbers, that you had their Social Security numbers? There's no denial of that. And that your databases were broken into. And they say that's the information. You had all this information on us. And it was taken. Information was taken. And we believe it was Social Security numbers because look what happened right after that. We had a tax refund fraud. Why is that not a sufficient allegation? Your Honor, I disagree that they have alleged that Social Security numbers were stolen. The district court also disagrees with that. What do you make of their claims that there were statutory violations, consumer protection violations? Under Spokio, that's a pretty relaxed standard, isn't it? Well, it still requires a concrete harm. And that concrete harm can be tangible or intangible, as this court has also said in Hancock, which was decided shortly after Spokio. And because the risk of harm that they present is not substantial. So the risk of harm, when viewed under the framework that the Supreme Court reiterated in Clapper, that's how you're viewing this alleged intangible harm. If it's not substantial, it can't be a concrete injury for purposes of attaching to a statutory violation in order to confer standing when that statutory violation itself doesn't work. So is your argument, if we don't feel there was substantial harm, Spokio is of no help to them, right? That's right. That's exactly right. They argue they're standing. They say three issues of standing in their statement of issues in the balance brief. One is the mitigation damages. One is the fear of future identity theft. And the third is the statutory violations combined with a concrete harm. In the lower court, they actually said that the statutory violation itself conferred standing. I thought under Spokio the injury had to be concrete to prove your damages at the complaint stage. That's absolutely right. There has to be a fact of injury. If I were to go into a Segway rental place and give them, and they said, while you're using the Segway, you have to leave your driver's license here. And they're negligent with it. Lay it out on the sidewalk. Someone steals that driver's license. Have I been injured? Someone steals my driver's license. Have I been injured? Possibly. Possibly. Have I been injured? No, I'm not injured unless someone does something bad with my driver's license. Until then, I'm just not injured. Well, this is very different than like a Fair Credit Reporting Act situation where there's an obligation not to disclose certain information. There's no allegation in the complaint that CareFirst disclosed any information. No, it was stolen. So it was stolen. They would say, and I'm not suggesting this is true or not one way or the other, was that I assume that CareFirst was negligent in its handling of their information. And if I were to say the same thing about the Segway dealer, they were negligent because they left a license plate out on the sidewalk. And it was stolen. Can I sue them? I've been injured. My license was taken because of their negligence. You can allege that the law gives you, confers on you, a right to that information. And then you can assert a deprivation of that right. I'm telling you what I allege. That's the definition of injury in fact. I left my driver's license with them. They were negligent in handling it, and someone stole it. Have I been injured? If you can explain that in your complaint to a federal court, that you had a legally protected right that was then deprived. Did I have my driver's license stolen through their negligence? That's my allegation. If you believe that you have a legally protected right to that information and the driver's license, then you can make out a federal court complaint. I'm asking you that question. The information on a driver's license is very different than the information that they allege was taken here. Anything else? No. Okay, thank you. Did Mr. Nace have any time left? Mr. Nace did not have any time left. Okay, you have two minutes. Thank you, Your Honors. First of all, I believe it was Judge Millett, the mitigation expenses were pled on appendix page 5, paragraph 19 with specificity. Your Honor touched on the difference between this case and Clapper, and I just want to say very quickly, Your Honor is absolutely right. This is nothing like the Clapper situation. The reason it's not like that is in Clapper, none of the plaintiffs could have alleged that they had had a legal interest that had already been invaded. They were speculating that at some point in the future, their legal interest would be invaded by the conduct of what was happening to other people. But in this case, when the data breach occurred— What's your— The theory of standing underspoke you. I'm sorry, I just didn't hear you. What's your theory of standing underspoke you? Spokio is a case regarding what they call a purely procedural violation of a statutory right. And what Spokio said was that is not in and of itself enough, but it can be enough if additional harms are confronted with that. So what are your additional harms? Additional harms include mitigation expenses and risk of future injury, future identity theft. But this case is different from that. This circuit, and Your Honor, has already stated that in D.C., the D.C. Consumer Protection Law provides a substantive right to be free from deceptive trade practices. And that, from Worth all the way through Spokio, those substantive rights, violations of them, can confer standing on their own. In your briefs, I only found reference to the invasion of a privacy tort. I didn't see—In your complaint, you talk about— generally about fraud and breach of contract. But not in your briefs. Are you abandoning—Did you abandon those arguments? No. In our briefs, what we stated was that there was tangible harm in the form of pecuniary loss with this violation of the statutory rights as well. And we said there's also intangible harms that go with that violation also. Intangible harms being the invasion of privacy and risk of future identity theft, emotional injury, things like that. But we have both tangible and intangible harms in conjunction with violations of statutory rights. Even if we're talking about a procedural statutory right, that's still enough under Spokio because we've alleged these further concrete harms. But also, Your Honor, you know, the question to the driver's license— the answer to the driver's license question that you had is the injury is in the negligence that occurred. If there's—Injury as injury in fact is whether or not the plaintiff's had a legally protected interest. There's always been a legally protected interest to not be unreasonably harmed by another. That's the legally protected interest. That doesn't mean you can state a claim under 12b-6. Similarly, there's always been a legally protected interest to what you contract for. It doesn't mean you can state a claim under 12b-6. But these common law protected interests, breach of contract, negligence, these things have always been there and they've always conferred standing to a plaintiff who alleges them. Thank you. Case submitted.
judges: Tatel, Griffith, Millett